LAKEWAY COMPANY, Petitioner,

v.

LEON HOWARD, INC., Respondent.

No. B–8425.

Supreme Court of Texas.

July 3, 1979.

Rehearing Denied July 25, 1979.

Mike Willatt, Austin, for petitioner.

Hooper, Robinson & Moeller, Malcolm Robinson, Austin, for respondent.

PER CURIAM.

Leon Howard, Inc., (Howard) brought this suit against Lakeway Company to recover an amount allegedly due under a contract to perform architectural services in connection with the construction of a golf course. Howard claimed that Lakeway had agreed to pay it $23,000.00 for the architectural services and that $2,443.75 was still owing under that agreement. Lakeway claimed that it had agreed to pay only $18,000.00 for the services. As will be developed below, the main problem is the applicability of the parol evidence rule.

Trial was to the court. The trial court rendered judgment for Howard. It awarded Howard $2,433.75 for breach of contract and $815.00 in attorneys' fees. The court found that Lakeway and Howard had made a written agreement on October 23, 1969, whereby Lakeway would pay Howard $18,-000.00 to design an eighteen-hole golf course. The court then found that "simultaneous with such written agreement" the parties made an oral agreement whereby Howard would be given a $5,000.00 discount for the purchase of some real estate from Lakeway. Finally, the trial court found that on or about January 27, 1972, the parties agreed to incorporate the $5,000.00 discount agreement on the purchase of the real estate into the architectural services agreement, thereby making the total consideration for the services $23,000.00.

The Court of Civil Appeals affirmed. 578 S.W.2d 163. The court recited two rules of law as support for its judgment. The first was that parol evidence is admissible to contradict a recital of consideration in a written instrument. *Jackson v. Hernandez*, 155 Tex. 249, 285 S.W.2d 184 (1955). The second was that the parol evidence rule does not preclude enforcement of prior or contemporaneous agreements which are collateral to an integrated agreement and do not vary or contradict the terms of the agreement. *Hubacek v. Ennis State Bank*, 159 Tex. 166, 317 S.W.2d 30 (1958).

Neither of these two rules is applicable here. When the consideration expressed in a writing is contractual in nature, and is not simply a recital of consideration already performed, the parol evidence rule does apply. *Reserve Life Insurance Co. v. Buford*, 241 S.W.2d 973 (Tex.Civ.App. —Eastland 1951, writ ref'd). A previous or simultaneous agreement to alter the fee agreed upon in a written contract is in conflict with the written contract and not merely collateral to it.

The judgment of the Court of Civil Appeals is correct, however, because there is evidence, as well as a finding of fact, that the parties did not incorporate the agreement for the additional $5,000.00 into the original written contract until January 27, 1972, some two years after the making of the written agreement. The parol evidence rule does not apply to agreements made subsequent to the written agreement. *Garcia v. Karam*, 154 Tex. 240, 276 S.W.2d 255 (1955). The trial court's finding that there was a "simultaneous" oral agreement to give Howard a $5,000.00 discount on the purchase of real estate does not conflict with its finding that the parties incorporated the $5,000.00 agreement some two years subsequent to the original written agreement. The finding as to the "simultaneous" oral agreement refers to an agreement to discount the purchase price of real estate. Thus, at that time, the parties had not made a definite agreement for an additional $5,000.00 for the architectural services—the $5,000.00 discount required the purchase of the real estate.

It should further be noted that Lakeway did not plead that the subsequent agreement for an additional $5,000.00 was not supported by consideration. Lack of consideration is an affirmative defense and must be pleaded. Rule 94, Texas Rules of Civil Procedure.

The application for writ of error is refused, no reversible error.