# NO. 12-08-00405-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROGER WAYNE BURGES,*<br>*DEBORAH K. BURGES COOK,*<br>*AND LONNIE RAY BURGES,*<br>*217TH*<br>*APPELLANTS* | *§* | *APPEAL FROM THE* |
| *V.*<br>*COURT OF* | *§* | *JUDICIAL DISTRICT* |
| *SHIRLEY MOSLEY,*<br>*APPELLEE*<br>*TEXAS* | *§* | *ANGELINA COUNTY,* |

## *OPINION*

This appeal arises from a dispute over the enforceability of an alleged agreement made by Shirley Mosley to benefit her deceased husband's three children by a previous marriage. The trial court determined the alleged agreement was not a contract due to both a lack of consideration and failure of consideration. In two issues, the three children, Roger Wayne Burges, Deborah K. Burges Cook, and Lonnie Ray Burges (hereinafter the Burges children) appeal the trial court's grant of Shirley's motions for summary judgment and its denial of their motion for summary judgment. We reverse and remand for further proceedings.

## BACKGROUND

Shirley and Coy Mosley were married in 1970. Each had children from a previous marriage. On July 8, 1974, Coy and Shirley executed a joint and mutual will that specifically provided that all of their property, both real and personal, would vest in the survivor. The will stated that the property was "to be used, occupied, enjoyed, expended and/or conveyed by and during the life of such survivor, as such survivor shall desire." The will further specified that, upon the survivor's death, "any such estate then remaining shall be divided" among Shirley's and Coy's children. Under the terms of the

will, the house and lot located in Lufkin was to be given to Shirley's children and the house and fifty acres located five miles east of Lufkin was to be given to Coy's children. Coy died on August 11, 1974.

Shirley probated the will and was appointed independent executrix of Coy's estate. On October 11, 1976, Shirley signed the following document, which was later recorded in the deed records of Angelina County, Texas:

### AGREEMENT

| | |
|---|---|
| THE STATE OF TEXAS § | |
| | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF ANGELINA § | |

THAT WHEREAS, I, Shirley Burges Mosley, a resident of Angelina County, Texas, have heretofore been legally appointed as the Executrix of the Estate of Clent Coy Burges in Cause No. 5198, pending on the docket of the County Court of Angelina County, Texas, sitting in Probate; and

WHEREAS, in my capacity as Executrix of the Estate of Clent Coy Burges, I have heretofore prepared and filed an Inventory and Appraisement of said estate which contained a full and complete inventory of the assets of the estate as well as the debts thereof, such appraisement and list of claims being recorded in Volume 95, page 506, Probate Records of Angelina County, Texas; and

WHEREAS, I, the said Shirley Burges Mosley, desire to enter into an Agreement contractually binding upon myself, my heirs, executors, assigns, or any other person, firm or corporation which may hereafter because of my action become the executrix or executor of the estate of the aforesaid Clent Coy Burges, for and in consideration of the benefits received and to be received by me pursuant to the Last Will and Testament of the said Clent Coy Burges, deceased, do hereby covenant and agree as follows:

I, the said Shirley Burges Mosley, do hereby acknowledge the validity of the Last Will and Testament of the said Clent Coy Burges, and further covenant and agree that I, or any other person, firm or corporation acting in the capacity of executrix or executor of the Estate of Clent Coy Burges, shall do all acts and take any such action as is necessary to fully carry out the terms and conditions of the Last Will and Testament of the said Clent Coy Burges, and I further covenant and agree that I will not sell, dispose of, or convey any of the property, real or personal, comprising the Estate of the said Clent Coy Burges if such transfer, sale or encumbrance would violate any of the terms or provisions of said will or in any way deprive the beneficiaries named therein of any benefits, tangible or intangible, which they would otherwise have received pursuant to the provisions of said Will; provided, however, that in the event of the sale of any real property, I hereby covenant and agree that the house located on East Menefee Street at its intersection with South Third Street, Lufkin, Angelina County, Texas, shall be transferred only to my children born to me by a previous marriage, and further that the house and fifty acres of land located approximately five miles East of Lufkin, Angelina County, Texas shall be divided equally between Roger Wayne Burges, Lonnie Ray Burges, Debra Kay Burges and Michelle Burges, in equal shares, share and share alike, and any remaining property shall be divided equally between my children and the children of Clent Coy Burges, share and share alike.

I further covenant and agree that I shall execute any and all instruments in writing necessary to fully carry out the terms of this agreement, as well as the provisions of the Last Will and Testament of Clent Coy Burges, deceased, and each of them.

DATED this the 11th day of October, A. D., 1976.

_____/s/_____

2

Shirley Burges Mosley

THE STATE OF TEXAS       ( )

                                ( )

COUNTY OF ANGELINA     ( )

      BEFORE ME, the undersigned authority, in and for said County, Texas, on this day personally appeared Shirley Burges Mosley, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 11th day of October, A. D., 1976.

                             _____/s_____

                             Notary Public in and for Angelina

                             County, Texas

On November 24, 2003, Shirley sold twenty eight acres out of the aforementioned fifty acre tract east of Lufkin for $84,000.00. Upon learning of the sale, the Burges children filed suit seeking to have the 1976 agreement declared to be a contract that Shirley had breached. Shirley filed her answer alleging eight affirmative defenses, including lack of consideration and failure of consideration.

Following discovery, the Burges children filed a traditional motion for summary judgment seeking a declaration that the agreement was a contract and that they be awarded, among other relief, legal title and possession of the remainder of the fifty acres, $84,000.00, attorney's fees, and interest. Shirley responded by filing both a no evidence motion for summary judgment and a traditional motion for summary judgment. Following two hearings, the trial court denied the Burges children's motion for summary judgment and granted Shirley's no evidence summary judgment solely on the ground of lack of consideration.[1] At the same time, the trial court granted Shirley's traditional motion for summary judgment solely on the ground of failure of consideration. The Burges children then timely filed this appeal.

## STANDARD OF REVIEW

We review the trial court's decision to grant summary judgment de novo. ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); ***Nixon v. Mr. Prop. Mgmt. Co.***, 690 S.W.2d 546, 548 (Tex. 1985).

---

[1] The court's final summary judgment stated that the no evidence motion for summary judgment was also being granted on the ground that there was no evidence that Coy's children intended to contest the will of Coy Burges. However, this ground was only a subpart of Shirley's lack of consideration defense and therefore we will not address it separately.

To prevail on a summary judgment, a plaintiff must conclusively prove all the elements of his cause of action as a matter of law. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). In contrast, a defendant as movant must either negate at least one essential element of the plaintiff's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged element. *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

When a party moves for both a no evidence and a traditional summary judgment, we first review the trial court's summary judgment under the no evidence standard of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See id.* When both parties move for summary judgment, each party must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. *Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex. 1993). When both sides move for summary judgment and the trial court grants one motion but denies the other, the reviewing court should review both sides' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Tex. Mun. Power Agency*, 253 S.W.3d at 192. In so doing, we first review the order granting summary judgment and if we determine the order was erroneous, we review the trial court's action in overruling the denied motion. *Lambrecht & Assoc., Inc. v. State Farm Lloyds*, 119 S.W.3d 16, 20 (Tex. App.–Tyler 2003, no pet.). We may then either affirm the judgment or reverse and render the judgment the trial court should have rendered, including one that denies both motions. *Id.*

4

In the Burges children's first issue, they contend the trial court erred in granting Shirley's no evidence and traditional motions for summary judgment. We must first review the trial court's ruling on the no evidence motion for summary judgment, which was granted on the ground of lack of consideration.

**Lack of Consideration**

Consideration is a fundamental element of every valid contract. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997). Consideration is a present exchange bargained for in return for a promise and consists of benefits and detriments to the contracting parties. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). The detriments must induce the parties to make the promises, and the promises must induce the parties to incur the detriments. *Id.*

Lack of consideration occurs when the contract, at its inception, does not impose obligations on both parties. Michol O'Connor, O'CONNOR'S TEXAS CAUSES OF ACTION 86 (2009). The contract lacking consideration lacks mutuality of obligation and is unenforceable. *Fed. Sign*, 951 S.W.2d at 409. Lack of consideration is an affirmative defense. *Doncaster v. Hernaiz*, 161 S.W.3d 594, 603 (Tex. App.–San Antonio 2005, no pet.). The existence of a written contract, however, presumes consideration for its execution. *Id.* Therefore, the party alleging lack of consideration has the burden of proof to rebut this presumption. *Id.*; *see also Edlund v. Bounds*, 842 S.W.2d 719, 724 (Tex. App.–Dallas 1992, writ denied) (op. on reh'g) ("A sworn plea of no consideration placed the burden of proof on Edlund to show there was none.").

Only a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. *See* TEX. R. CIV. P. 166a(i). Because Shirley had the burden of proof on the affirmative defense of lack of consideration, she could not properly move for a no evidence summary judgment on that ground. *See Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App. – Houston [14th Dist.] 2003, no pet.). Therefore, the trial court improperly granted Shirley's no evidence motion for summary judgment on the ground of lack of consideration.

**Failure of Consideration**

The trial court granted Shirley's traditional motion for summary judgment on the ground of failure of consideration. Failure of consideration, an affirmative defense, occurs when, because of some supervening cause after a contract is formed, the promised performance fails. *See* TEX. R. CIV. P. 94; *U.S. Bank, N.A. v. Prestige Ford Garland Ltd. P'ship*, 170 S.W.3d 272, 279 (Tex. App.–Dallas 2005, no pet.). Above, we explained that there is a "lack of consideration" where a purported contract lacks mutuality of obligation. Thus, there is a clear distinction between "lack of consideration" and "failure of consideration." Here, all of the summary judgment evidence produced by Shirley was designed to show that there was no consideration to support this agreement. That would be a "lack of consideration." None of the summary judgment evidence that Shirley produced established that a contract had been formed and that the performance of one of the parties failed. Therefore, there was no evidence to establish the affirmative defense of failure of consideration upon which Shirley's traditional motion for summary judgment was granted. *See Johnson*, 891 S.W.2d at 644. The trial court erred in granting Shirley's traditional motion for summary judgment on the ground of failure of consideration.

We sustain the Burges children's first issue.

## BURGES CHILDREN'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

In their second issue, the Burges children contend that the trial court erred in overruling their traditional motion for summary judgment. They argue that when Shirley signed the agreement, she promised that if she sold any property belonging to Coy's estate, she would divide the "house and fifty acres" among Coy's children. They further argue that they presented summary judgment evidence establishing that Shirley breached the agreement when she sold some of the land in 2003.

The threshold question in a breach of contract claim is whether a valid contract exists. *See Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.–Amarillo 2008, pet. denied). Thus, for the Burges children's breach of contract claim to be successful, they first had to establish that there was a valid contract between them and Shirley.

For a contract to exist, there must be an offer, acceptance, and consideration. *Id.* What constitutes consideration for a contract is a question of law. *Brownwood Ross Co.*

*v. Maverick County*, 936 S.W.2d 42, 45 (Tex. App.–San Antonio 1996, writ denied). The Burges children contend that the consideration that induced Shirley to execute the agreement was their promise not to contest Coy's will. By the time the agreement was signed by Shirley, Coy's will had already been admitted to probate. However, a will that has been admitted to probate is subject to being set aside in a subsequent suit to contest its validity. **Ritter v. Till**, 230 S.W.3d 197, 201 (Tex. App.–Houston [14th Dist.] 2005, no pet.).

Although the issue of consideration is to be determined as a matter of law, the recital of consideration in a written instrument is not conclusive, and the nature of the real consideration may be shown by parol evidence. **Lakeway Co. v. Leon Howard, Inc.**, 578 S.W.2d 163, 166 (Tex. Civ. App.–Tyler), *writ ref'd n.r.e.*, 585 S.W.2d 660 (Tex. 1979) (per curiam). We therefore must review the summary judgment evidence regarding the Burges children's threat to contest the will and determine whether it constituted consideration for the agreement. In support of their summary judgment, the children included the deposition testimony of each of them and of Shirley.

Deborah K. Burges Cook testified that while she was away at college, she received a phone call from either her grandfather, J. D. Burges, or her brother, asking her to return home to discuss the possibility of contesting her father's will. Deborah testified that she asked her grandfather if there was another way to work something out with Shirley other than contesting the will. She testified that he said that he would look into it. Deborah testified that she never threatened Shirley with a will contest. When asked specifically if her grandfather had told her that he had gone to Shirley threatening to contest the will, she testified "no." Lonnie Ray Burges testified that he did not personally threaten Shirley with a lawsuit. He further testified that he thought his grandfather threatened Shirley with the will contest. He remembered traveling into the old part of Lufkin one day with his grandfather, and Lonnie asked him what they were doing. His grandfather replied, "I'm just taking care of your land, son." Lonnie testified that "that's all he ever said." Roy Wayne Burges testified by deposition, explaining that he did not know of any contest to the will at all and he never threatened Shirley with a will contest. He had no personal knowledge of anyone else threatening her with a will contest.

Shirley testified that J. D. Burges never told her that he was considering protesting the will on behalf of the children. She testified that she did not know what his reason was for asking her to sign the agreement because he did not say. She also testified

7

that he said that if she signed the agreement it would make him feel better. Further, we note that the purported agreement itself specifically states that the last will and testament of Coy Burges was valid.

None of the summary judgment evidence established, as a matter of law, that the Burges children or their grandfather threatened to contest the will if Shirley did not sign the agreement. Consequently, they did not show that the agreement Shirley signed was supported by consideration. In the absence of consideration, the agreement does not constitute a valid contract. Because the Burges children did not conclusively prove the existence of a contract, they did not prove all the elements of their cause of action as a matter of law. Therefore, the trial court correctly denied the children's traditional motion for summary judgment. *See Swilley*, 488 S.W.2d at 67. We overrule the Burges children's second issue.

## CONCLUSION

The trial court erred in granting Shirley's no evidence motion for summary judgment because the rules of civil procedure do not allow a party to move for a no evidence summary judgment based on an affirmative defense that she has the burden to prove at trial. The trial court erred in granting Shirley's traditional motion for summary judgment because there was no evidence of failure of consideration, the ground upon which that motion was granted. Conversely, the trial court correctly denied the Burges children's motion for summary judgment because they did not prove that the agreement Shirley signed was supported by consideration and therefore did not prove the existence of a contract as a matter of law.

We *reverse* the trial court's final summary judgment and *remand* the cause to the trial court for proceedings consistent with this opinion.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 20, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8