**Opinion issued December 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00173-CV

———————————

## AMADO YANEZ, Appellant

## V.

## DANIELA DUCASSON, Appellee

---

## On Appeal from the 281st District Court
### Harris County, Texas
### Trial Court Case No. 2009-80317

---

## MEMORANDUM OPINION

Amado Yanez appeals the trial court judgment based on the jury's determination that he breached a contract with Daniela Ducasson. In two issues, Yanez argues the evidence was legally insufficient to establish that (1) the

agreement was supported by consideration and (2) the contract was entered with Yanez in his individual capacity.

We affirm.

## Background

Yanez owned a number of businesses involved in the oil and gas field. He formed OSA International, LLC some time in late 2008. Yanez was originally named the sole member of OSA, but in November 2008, Mindy Kay was named the sole member. OSA's main asset was a contract for what was known as the Williams project. Ducasson did work on the Williams project among other work for Yanez. She was paid through OSA on a monthly basis as an independent contractor.

Problems arose on the Williams project, and in early 2009 the other party—identified only as Williams—stopped payments under the contract. Yanez needed the money owed under the Williams project to pay other liabilities for other businesses. Ducasson, along with Kay, compiled a list of parties owed money by Yanez's companies. Ducasson and Kay included themselves on the list, showing $160,000 to be paid to each of them. Yanez agreed to pay Ducasson and Kay those amounts as a bonus upon the resolution of the dispute in the Williams project and the payment of the money owed.

2

Ducasson spent a significant amount of time resolving the dispute in the Williams project. The dispute was ultimately settled, and Williams paid the agreed-upon amount. Ducasson subsequently submitted an invoice to OSA for the $160,000. That amount was never paid.

Ducasson filed suit against OSA, Yanez, and Kay alleging, among other claims, breach of contract. The day before trial, the trial court granted summary judgment in favor of Ducasson and against OSA and Kay on Ducasson's breach of contract claim. Ducasson proceeded to trial on her claims against Yanez. The only claim presented to the jury was the breach of contract claim against Yanez. The jury found Yanez liable for the $160,000.

### Standard of Review

"The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). "[L]egal-sufficiency review in the proper light must credit favorable evidence if reasonable [fact finders] could, and disregard contrary evidence unless reasonable [fact finders] could not." *Id.* "If the evidence . . . would enable reasonable and fair-minded people to differ in their conclusions, then [fact finders] must be allowed to do so." *Id.* at 822. "A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable

3

disagreement." *Id.* Although the reviewing court must consider evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it, if the evidence allows only one inference, neither fact finder nor the reviewing court may disregard it. *Id.*

## Personal Liability

In his second issue, Yanez argues the evidence was legally insufficient to establish that the contract was entered with Yanez in his individual capacity. Ducasson argues that Yanez waived this argument by failing to file a verified denial. We disagree.

A defendant must file a verified denial when he wants to assert that he "is not liable in the capacity in which he is sued." TEX. R. CIV. P. 93(2). The Supreme Court of Texas has held, however, that this requirement applies to a defendant's "standing to assert or defend the action before the Court. It does not relate to the merits of the cause of action or the merits of the defenses thereto." *Light v. Wilson*, 663 S.W.2d 813, 814 (Tex. 1983). The defendant can still challenge whether the plaintiff met her burden "to recover in any capacity alleged." *Id.*; *see also Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 421–22 (Tex. App.—Dallas 2012, no pet.) (analyzing *Light* and holding defendant may challenge plaintiff's right to recover despite lack of verified pleading).

Yanez argues there is no evidence that Yanez made this promise in his individual capacity. There is no indication in the record, however, that Yanez could have made this promise in any other capacity. While Yanez was the original sole member of OSA, the record establishes that, in November 2008, Kay became the sole member of OSA. Yanez's promise to pay Ducasson the $160,000 was made after this time. There is no evidence in the record that, after November 2008, Yanez had any legal authority to bind OSA. Nor is there any indication that Yanez was making the promise in his capacity as an agent for any other company. Accordingly, the jury could have reasonably inferred that Yanez agreed to pay Ducasson in his individual capacity.

Yanez argues in his brief that the promise he made was a promise from OSA because the money owed belonged to OSA. Yanez does not explain how this is proof of the capacity in which he made the promise considering, again, that there was no evidence that Yanez could bind OSA. Moreover, the evidence at trial established that the money from the settlement of the dispute in the Williams project did not, in fact, go to OSA. Instead, it went into an account that Yanez had control over but OSA did not. The evidence also established that the creditors that the money would be paid to—which included Ducasson—were not only creditors of OSA, but also creditors of other businesses owned by Yanez. Accordingly, the

evidence established that the money owed would go to people and to entities other than OSA, regardless of whether the money was owed only to OSA.

We overrule Yanez's second issue.

## Lack of Consideration

In his first issue, Yanez argues the evidence was legally insufficient to establish that the agreement was supported by consideration.[1]

As an initial matter, Ducasson argues that this issue is waived because Yanez failed to file a verified answer. We disagree. A defendant must file a verified denial when he wants to assert that "a *written instrument* upon which a pleading is founded is without consideration." TEX. R. CIV. P. 93(9) (emphasis added). Ducasson agrees that the agreement between her and Yanez was an oral agreement. Accordingly, there is no written instrument upon which her petition was founded. *See id.*

Ducasson also cites to rule 94 of the Texas Rules of Civil Procedure. That rule identifies the affirmative defenses that must be specifically asserted in an answer. TEX. R. CIV. P. 94. While the rule identifies "failure of consideration" as an affirmative defense, it does not include lack of consideration. *See id.* Failure of

---

[1] There is some ambiguity in the record about with whom Ducasson had a contract to pay her regular salary. We do not need to resolve this ambiguity in this appeal because, regardless of with whom Ducasson had a contract to pay her regular salary and regardless of whether Yanez could rely on this obligation to show past consideration, we determine, infra, that Yanez's promise to pay Ducasson $160,000 was supported by consideration.

consideration is a legal principle distinct from lack of consideration. *See Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex. App.—Tyler 2010, no pet.) (distinguishing failure of consideration from lack of consideration). Moreover, the presence of consideration is a fundamental element to establish the existence of a contract. *Id.* Accordingly, it is an element of the plaintiff's burden of proof in a breach of contract claim, not an affirmative defense or plea in avoidance.[2] *See id.*

Yanez argues in this issue that any consideration to the agreement to pay Ducasson $160,000 was past consideration because she was already working on the Williams project. Yanez correctly argues that past consideration is insufficient to support a present or subsequent contract. *See CRC-Evans Pipeline Int'l, Inc. v. Myers*, 927 S.W.2d 259, 265 (Tex. App.—Houston [1st Dist.] 1996, no writ).

The evidence shows that, before January 2009, Ducasson did work for OSA performing administrative functions on the Williams project. That work stopped in January 2009 when Williams fired OSA. Ducasson testified that, "in January of 2009, that's when my work began in mitigating the lawsuits, or trying to get paid

---

[2] "[T]he existence of a written contract presumes consideration for its execution." *Blockbuster, Inc. v. C-Span Entm't, Inc.*, 276 S.W.3d 482, 488 (Tex. App.—Dallas 2008, pet. granted). The party alleging the lack of consideration in a written contract, then, bears the burden of rebutting the presumption. *Id.* The contract at issue in this case, however, is an oral contract. Accordingly, the presumption of consideration does not apply, and the burden of establishing consideration was on Ducasson. *See Okemah Const., Inc. v. Barkley-Farmer, Inc.*, 583 S.W.2d 458, 460 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ).

from Williams." The fact finder could reasonably rely on this testimony to determine that Ducasson had entered into a new agreement to perform new work.

Nevertheless, Yanez argues that Ducasson had already begun work on resolving the Williams dispute when any promise to pay the bonus was made. Accordingly, Yanez argues, the promise to pay the bonus lacked any present consideration. We agree that there was conflicting evidence about when the promise to pay the $160,000 was made. There was, however, some evidence that the promise to pay the $160,000 was made contemporaneously with Ducasson's change of work duties.

Specifically, Ducasson testified that Yanez made the promise to pay $160,000 on three separate occasions. She also testified that the first meeting occurred when the problems with the Williams project began.

Q. At what time were you promised to pay $160,000?

A. At all three meetings.

Q. Who promised you that?

A. Mr. Yanez, as long as I was able to resolve the Williams dispute.

"[L]egal-sufficiency review in the proper light must credit favorable evidence if reasonable [fact finders] could, and disregard contrary evidence unless reasonable [fact finders] could not." *City of Keller*, 168 S.W.3d at 827. We hold there was sufficient evidence in the record to establish that the promise to pay

8

Ducasson $160,000 was made contemporaneously with the agreement to change her work duties to resolving the Williams dispute.

We overrule Yanez's first issue.

**Conclusion**

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.