**Reversed and Remanded and Memorandum Opinion filed March 21, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00144-CV

---

### GARY WAYNE SPANGLER, JUNIOR, Appellant

### V.

### BRANDY L. LISS, AS INDEPENDENT EXECUTRIX OF THE ESTATE OF MARY A. JAMES, DECEASED, Appellee

---

**On Appeal from the Probate Court
Galveston County, Texas
Trial Court Cause No. PR-0081495-A**

---

### MEMORANDUM OPINION

Appellant Gary Wayne Spangler ("Spangler") and the decedent, Mary A. James ("James"), were formerly co-owners in a hospice care business. After James's death, Spangler sued her estate to recover his interest in the business. The trial court granted summary judgment to Brandy L. Liss ("Liss"), the independent executrix, and Spangler appeals in four issues. We reverse the trial court's order and remand for further proceedings.

# I.  BACKGROUND

Spangler and James owned several medical businesses together, including Essential Hospice and Palliative Services, LLC ("Essential"), which they and five other individuals purchased in 2017. Spangler owned 55.9% of Essential after the purchase, and James owned 29.4%. In early 2018, Spangler learned that he was facing a federal indictment for allegedly misbilling Medicaid and Medicare. Such an indictment could have resulted not just in a criminal conviction for Spangler, but also the cancelation of his businesses' authority to bill Medicaid and Medicare for patient treatments. In preparing for the interruption that would be posed by the federal indictment and trial, Spangler sold 4.9% of Essential in March 2018 to a third party. The $125,000 in proceeds from the sale were deposited in Essential's bank account. On March 2, 2018, Spangler assigned his remaining fifty-one percent ownership interest in Essential to James ("the Assignment"). Spangler states that he and James agreed she would hold the fifty-one percent interest he transferred to her, make no distributions of profit from Essential, and, when the federal legal issues resolved, re-convey the interest to Spangler. Spangler states that he received no other consideration for the Assignment.

Spangler was acquitted of the federal charges on February 19, 2020. Afterwards, he requested co-owners in his various businesses, including James, to re-convey his former interests to him. James died on February 22, 2021, from complications from COVID-19 before she could re-convey fifty-one percent of Essential to Spangler.

Spangler filed a declaratory judgment lawsuit in May 2021 against the executrix of James's estate, seeking a declaration that the Assignment was void for lack of consideration, that he owned fifty-one percent of Essential, and that James and her estate had no interest in Essential. The executrix, appellee Liss, filed a

motion for partial summary judgment asserting that (1) parol evidence was inadmissible to contradict the Assignment's recitation of "good and sufficient consideration"; (2) parol evidence could not be used to prove a "side agreement" that James had agreed to re-convey Spangler's former interest in Essential to him; and (3) that James had held an interest in Essential before the Assignment.[1]

Liss set her motion for submission on September 14, 2021.[2] Seven days before the submission, Spangler timely filed a response to Liss's motion for partial summary judgment and a first amended petition. In his first amended petition, Spangler added causes of action for breach of contract, conversion, fraud, and constructive trust for breach of fiduciary duty. Liss did not amend her motion for partial summary judgment to address these claims. Nonetheless, the trial court granted a summary judgment on all claims. Thereafter, Spangler filed his second through fifth amended petitions to add four other claims and a motion for new trial, which the trial court denied.[3] This appeal ensued.

## II.    STANDARD OF REVIEW

We review the granting of a summary judgment under a de novo standard of review. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "[W]e apply the familiar standard of review appropriate for

---

[1] Spangler's counsel conceded that James owned an interest in Essential before the Assignment and told the trial court that the request for declaratory relief thus contained a typographical error.

[2] The hearing or submission date determines the non-movant's deadline to file a response to the motion for summary judgment. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). "Although Rule 166a(c) . . . calls for a hearing on a motion for summary judgment, . . . unless required by the express language or the context of the particular rule, the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Id.* at 359.

[3] A motion for new trial is not a prerequisite for an appeal of a summary judgment proceeding. *Lee v. Braeburn Valley W. Civic Ass'n*, 786 S.W.2d 262, 263 (Tex. 1990).

each type of summary judgment, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 675–76 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The movant must state in its motion the specific grounds upon which the summary judgment should be granted. *See* Tex. R. Civ. P. 166a(c). To prevail on a traditional motion for summary judgment, a movant must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Id.*; *Mann Frankfort*, 289 S.W.3d at 848.

After the movant facially establishes its right to summary judgment, the burden shifts to the nonmovant to present a material fact issue that precludes summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Dolcefino v. Randolph*, 19 S.W.3d 906, 916 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755–56 (Tex. 2007) (per curiam). When, as here, the trial court's order granting summary judgment does not specify the grounds relied on for the ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *Olmstead v. Napoli*, 383 S.W.3d 650, 652 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

### III. ANALYSIS

In his second issue, which is dispositive, Spangler asserts that the trial court erred in granting Liss's motion for partial summary judgment on his claims for declaratory relief alleging (1) the Assignment was void for lack of consideration

and (2) he owns fifty-one percent of Essential. Liss argues that Spangler cannot use parol evidence to contradict the Assignment's recitation of "good and valuable" consideration or to establish a "side agreement" that differed from the Assignment's terms. Liss also argues that the Dead Man's Rule prevents the trial court from considering Spangler's declaration about lack or failure of consideration.

## A.    CONSIDERATION & PAROL EVIDENCE

Generally, a contract must be supported by consideration to be enforceable. *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 659 (Tex. 2006). "Consideration is a present exchange bargained for in return for a promise." *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). When an instrument recites that consideration has been given, we presume that consideration to be sufficient. *McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 335 (Tex. App.—Houston [14th Dist.] 2011, no pet.) "However, parol evidence is admissible to show want or failure of consideration and establish the actual consideration given for the instrument." *Id.* (citing *DeLuca v. Munzel*, 673 S.W.2d 373, 376 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.)).

Liss argues that Spangler cannot use parol evidence to contradict the Assignment's recitation of "good and valuable" consideration. Liss likens the Assignment to the contract in *Lakeway Co. v. Leon Howard, Inc.*, in which the Texas Supreme Court held that "[w]hen the consideration expressed in a writing is contractual in nature, and not simply a recital of consideration already performed, the parol evidence rule does apply." 585 S.W.2d 660, 662 (Tex. 1979) (per curiam). Unlike the Assignment between Spangler and James, the written contract in *Lakeway* specified $18,000 in consideration. *Id.* at 661. The court in *Lakeway* explained that a previous or simultaneous agreement to alter $18,000 to $23,000

5

was in conflict with the written contract and not merely collateral to it. *See id.*

In contrast, the recitation of consideration in the Assignment between Spangler and James does not include a specific dollar amount. The Assignment instead states that Spangler and James exchanged "good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged," which is "simply a recital of consideration already performed" for which *Lakeway* contemplates the admission of parol evidence. *Id.*; *see Carrico v. Kondos*, 111 S.W.3d 582, 586–87 (Tex. App.—Fort Worth 2003, pet denied) (addressing a contract for "consideration of [$10] and other good and valuable consideration" and concluding the "recital of acknowledgement of consideration is no more than a statement of fact that may be contradicted by parol evidence").

Liss also contends that the parol evidence rule and related doctrine of merger prevent evidence of a "side agreement" to re-convey Spangler's interest. When parties have entered into a valid, written, integrated contract, the parol evidence rule precludes enforcement of any prior or contemporaneous agreement that addresses the same subject matter and is inconsistent with the written contract. *West v. Quintanilla*, 573 S.W.3d 237, 243 (Tex. 2019). An integrated contract is a writing or writings constituting a final expression of one of more terms of an agreement, and a completely integrated contract is a full and exclusive statement of the terms of the agreement. *Id.* at 244 (citing Black's Law Dictionary).

However, the parol evidence rule does not bar evidence of consistent collateral agreements, even when the two agreements address related subjects. *See id.* at 247; *see, e.g.*, *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 875–76 (Tex. 2010) (concluding parol evidence rule did not preclude parties' oral agreement that engineering firm would continue leasing office space as part of the consideration for buyout of the engineering firm). Moreover, a trial court may

6

consider parol evidence to determine if consideration exists "even though the parties have reduced their agreement to a writing which appears to be a completely integrated agreement." *Audubon Indem. Co. v. Custom Site-Prep, Inc.*, 358 S.W.3d 309, 316 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). Thus, it was proper for the trial court to consider parol evidence to show lack or failure of consideration for the Assignment. *See McLernon*, 347 S.W.3d at 335. In his declaration, Spangler included the statement "I received no consideration for the Assignment other than James' agreement to reconvey my interests if I was ultimately acquitted." This is evidence about lack or failure of consideration, and, taken in the light most favorable to the non-movant, raises a fact issue about Spangler's claims for declaratory relief.

## B.    DEAD MAN'S RULE

Liss next contends that the trial court was barred by Texas Rule of Evidence 601(b), the "Dead Man's Rule," from considering the statement in Spangler's declaration that he received no consideration for the Assignment other than James's agreement to reconvey the interest. The Dead Man's Rule generally prohibits a party from testifying about oral statements by a testator unless the statements can be corroborated or are solicited by the opposing party. Tex. R. Evid. 601(b); *Estate of Wright*, 482 S.W.3d 650, 655 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Liss raised the Dead Man's Rule in her objections to Spangler's summary judgment evidence, but there is no ruling in the record. An objection and ruling in the trial court is a prerequisite to preserve this argument for appellate review. *See* Tex. R. App. P. 33.1(a); *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164–66 (Tex. 2018); *see also Wright*, 482 S.W.3d at 656 (concluding that Dead Man's Rule had been waived); *Fraga v. Drake*, 276 S.W.3d 55, 61 (Tex. App.—El Paso 2008, no pet.) (concluding that Dead Man's Rule had been waived).

Finally, even if Liss could assert the Dead Man's Rule on appeal without having obtained a ruling in the trial court, the Dead Man's Rule applies only to an "oral statement by the testator." Tex. R. of Evid. 601(b)(2). A portion of Spangler's declaration, stating that "I received no consideration for the Assignment" is not an oral statement by the testator and would not be subject to the Dead Man's Rule.[4]

We therefore conclude that (1) Spangler was permitted to introduce parol evidence about lack or failure of consideration; (2) we do not address the Dead Man's Rule because it was not preserved for appellate review; (3) a portion of Spangler's declaration is not subject to the Dead Man's Rule; and (4) Spangler's declaration raised a fact issue regarding his claim that "[t]he Assignment is void for lack of consideration."

## C.    REMAINING ISSUES

Next, we address the other grounds asserted in Liss's motion for partial summary judgment and Spangler's remaining appellate issues regarding causes of action he added in first through fifth amended petitions.

Liss's motion for partial summary judgment argued that "[b]ecause the

---

[4] When the Dead Man's Rule is applicable, a party may evade its application with corroborating evidence. *Fraga*, 276 S.W.3d at 61. The corroboration need not be sufficient standing alone but must tend to confirm and strengthen the testimony of the witness and show the probability of its truth. *See id.*; *Coleman v. Coleman*, 170 S.W.3d 231, 239 (Tex. App.—Dallas 2005, pet. denied). Spangler provided the deposition testimony of a witness, Josie Van, in his motion for new trial. Van testified that Spangler sold his interest in Essential to James to protect the company during the federal litigation. Van also testified James confirmed "in the event that [Spangler] was exonerated from these charges, that they agreed that she would allow him to buy his shares back." Because we conclude that Spangler's declaration raises a fact issue that prevents summary judgment, we need not reach issues related to admissibility of Van's testimony or denial of Spangler's motion for new trial. *See* Tex. R. App. P. 47.1; *Lance v. Robinson*, 543 S.W.3d 723, 740 (Tex. 2018) ("Rule 47.1 requires only that the court of appeals address issues necessary to dispose of the appeal.").

Assignment was supported by adequate consideration," Spangler's "second requested declaration—that he owns 51% of Essential—also fails." This ground was expressly contingent on Liss establishing entitlement to summary judgment on her first ground. We have concluded that Spangler raised a fact issue on Liss's first ground as to failure or lack of consideration. It thus follows that summary judgment cannot be awarded on this second, contingent ground.

In his remaining appellate issues, Spangler argues that the trial court erred in granting summary judgment on eight claims he pleaded in amended petitions. Spangler added four of the eight claims in his first amended petition—breach of contract, conversion, fraud, and breach of fiduciary duty and constructive trust. A party may amend his pleadings after a motion for summary judgment is filed until seven days before the summary judgment hearing. *See* Tex. R. Civ. P. 63; *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 671 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Spangler timely filed the first amended petition seven days before the summary judgment hearing. Liss did not amend her motion to address these four new claims.

Because a court's authority to render a summary judgment depends on "the issues expressly set out in the motion or in an answer or any other response," *see* Tex. R. Civ. P. 166a(c), a trial court cannot grant a summary judgment on grounds that were not presented. *See FDIC v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012); *Bridgestone Lakes Cmty. Improvement Ass'n v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 122 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). A movant who does not amend or supplement her pending summary judgment motion to address newly-added claims is generally not entitled to summary judgment on those claims. *See Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 592 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Smith v. Atlantic Richfield Co.*, 927

S.W.2d 85, 88 (Tex. App.—Houston [1st Dist.] 1996, writ denied).

If a trial court grants a summary judgment on a claim not addressed in the motion, then the trial court's error is reversible. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001); *Bridgestone*, 489 S.W.3d at 123. There are limited exceptions to this under the harmless error rule. *See G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297–98 (Tex. 2011) (per curiam) (citing Tex. R. App. P. 44.1(a)). But such limited exceptions can be considered only when the trial court correctly grants summary judgment on a ground raised in the motion. *See Ineos USA, LLC v. Elmgren*, 505 S.W.3d 555, 566 (Tex. 2016) (refusing to expand the harmless-error rule to an appeal in which the trial court erroneously granted summary judgment on the grounds raised in the motion). A movant cannot be denied summary judgment on its pleaded grounds but granted summary judgment on an unpleaded ground. *See id.* Because we have concluded that the trial court erred in granting summary judgment on the bases asserted in Liss's motion, we decline to analyze the harmless error exception for the four causes of action timely pleaded in Spangler's first amended petition. To the extent the trial court granted summary judgment on the causes of action added in Spangler's first amended petition, this constitutes error.

Finally, although Spangler complains on appeal of additional causes of action he pleaded in his second through fifth amended petitions, these petitions were filed after the submission on summary judgment. A trial court can consider only the pleadings and proof on file at the time of the hearing on summary judgment or filed after the hearing and before judgment with the permission of the court. *Leinen v. Buffington's Bayou City Serv.*, 824 S.W.2d 682, 685 (Tex. App.—Houston [14th Dist.] 1992, no writ). After submission, a party must obtain a written order granting leave to file an amended petition. *See* Tex. R. Civ. P.

166a(c); *Hussong v. Schwan's Sales Enters*., 896 S.W.2d 320, 323 (Tex. App.—Houston [1st Dist.] 1995, no writ). There is no such leave to file the second through fifth amended petitions in the record. Thus, the trial court could have considered only the pleadings and proof on file at the time of submission of the summary judgment. *See Hussong*, 896 S.W.2d at 323. We do not consider Spangler's new claims raised in the second through fifth amended petitions in our analysis.

## IV. CONCLUSION

For the reasons stated above, we conclude that Spangler raised a fact issue on his claims for declaratory relief precluding summary judgment. Further, Liss did not move for summary judgment on the four additional causes of action Spangler pleaded in his first amended petition; we conclude that harmless error analysis cannot be extended to them. Because it was error for the trial court to grant summary judgment on the claims for declaratory relief and the four additional claims pleaded in the first amended petition, we reverse the trial court's order and remand to the trial court for further proceedings.

/s/   Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.

11