**BROWNWOOD ROSS COMPANY,**
**Appellant,**

v.

**MAVERICK COUNTY, Texas, Appellee.**

**No. 04–96–00059–CV.**

Court of Appeals of Texas,
San Antonio.

Nov. 13, 1996.

Rehearing Overruled Nov. 26, 1996.

John A. Carwile, Rodney V. Steinburg, Steinburg, Carwile & Herzik, Houston, for appellant.

Mario P. Bordini, Mata & Bordini, Inc., San Antonio, for appellee.

Before CHAPA, C.J., and LÓPEZ and STONE, JJ.

## OPINION

STONE, Justice.

This appeal challenges a general summary judgment granted in favor of Maverick County. In four points of error, appellant Brownwood Ross Company argues the trial court erred in granting summary judgment. We agree and reverse the judgment and remand this cause to the trial court for further proceedings.

### Factual Background

On July 31, 1972, Maverick County and Ross Porta–Plant, Inc. (later renamed Brownwood Ross Company) entered into a twenty year lease agreement for a piece of land known as Tract 15 of the Maverick County Industrial Park. The land was leased for the construction and operation of a manufacturing plant. The lease agreement contained an extension provision which allowed the lease to be extended for a second twenty year term at Brownwood's option.

On June 7, 1988, Brownwood sent to Maverick County written notification of its intention to exercise the extension provision. Despite its belief that the 1988 letter triggered the extension provision, Brownwood sent to Maverick County a second letter on May 1, 1992, restating its intention to extend the lease for the additional twenty years.

In response to Brownwood's second letter, Maverick County notified Brownwood that the 1972 lease was void. Maverick County adopted the position that (1) the 1972 lease was void because it failed to comply with article 1577 of the Texas Civil Statutes [1]; (2) Brownwood had forfeited all rights to the lease because it failed to operate a manufacturing plant as required by the lease; and (3) the lease had not been extended by Brownwood. Maverick County also notified Brownwood that any occupancy on the land after July 31, 1992, would be treated as a trespass, and threatened to remove Brownwood from the premises.

Brownwood sought a temporary injunction to prevent its removal and also filed a lawsuit for breach of lease, tortious interference with contract, declaratory judgment, and injunctive relief. At the temporary injunction hearing held on October 26, 1992, the temporary injunction was resolved when the parties entered into a "cooling off" agreement in open court. The terms of the agreement are in dispute.

Brownwood claims the parties agreed to cease all litigation for a ninety-day period during which a new lease would be negotiated. If a new lease was negotiated during the ninety-day period, the 1972 lease would terminate. By contrast, Maverick County claims the parties agreed to terminate the 1972 lease regardless of whether a new lease was negotiated.

The parties did not enter into a new lease agreement and Brownwood initiated a second lawsuit asserting a breach of contract claim on the 1972 lease. Maverick County moved

1. This statute sets forth the procedures to be followed by a county when it sells or disposes of real property. Act of May 14, 1953, 53rd Leg., R.S., ch. 133, § 1, 1953 Tex.Gen. Laws 447, *repealed and superseded by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, §§ 1, 49(1), 1987 Tex. Gen. Laws 1037, 1307 (current version at TexLoc. Gov't Code Ann. § 263.001 (Vernon 1988)).

for summary judgment on two grounds claiming: (1) the 1972 lease was void due to noncompliance with article 1577, thus barring Brownwood's cause of action for breach of lease as a matter of law; and alternatively, (2) the Rule 11 agreement which the parties entered into on October 26, 1992, terminated the 1972 lease. Brownwood responded and argued: (1) the alleged noncompliance with article 1577 was excused by article 1577b [2], which validates attempted sales or conveyances; (2) it never intended to terminate the 1972 lease without entering into a new lease; (3) Joe Luna, Brownwood's attorney, did not have authority to enter into the settlement agreement; and (4) the settlement agreement was not supported by consideration. The trial court entered a general summary judgment for Maverick County.

### Standard of Review

When the defendant is the movant in a summary judgment proceeding, summary judgment is proper only where the defendant proves the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. *Turner v. Richardson Indep. Sch. Dist.*, 885 S.W.2d 553, 558 (Tex.App.—Dallas 1994, writ denied). Thus, the defendant can prevail by disproving at least one necessary element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense. *Peeler v. Hughes & Luce*, 868 S.W.2d 823, 827 (Tex.App.—Dallas 1993), *aff'd*, 909 S.W.2d 494 (Tex.1995). In contrast, the plaintiff can defeat summary judgment by presenting evidence which creates a fact question on those elements of the plaintiff's case under attack by defendant or on at least one element of each affirmative defense advanced by the defendant. *Turner*, 885 S.W.2d at 558.

The order granting the summary judgment is silent as to the reason for granting the motion; therefore, the summary judgment must be affirmed if one of the two theories advanced by Maverick County supports the summary judgment. *State Farm Fire & Casualty Co. v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex.1993).

### Validity of Lease Agreement

■ Appellant's first point of error, which addresses the first of Maverick County's two grounds urged in its summary judgment motion, argues the summary judgment cannot stand on the basis of noncompliance with article 1577 since article 1577b excuses noncompliance with article 1577. Appellant contends its summary judgment evidence established or, in the alternative, raised a fact issue that the requirements of article 1577b had been met.

Article 1577 prescribes the manner in which a county must make conveyances. It provides in relevant part:

> The Commissioners Court may, by an order to be entered on its minutes, appoint a Commissioner to sell and dispose of any real estate of the county at public auction, and notice of said public auction shall be advertised at least twenty (20) days before the day of sale ... once a week for three (3) consecutive weeks preceding such sale....

Maverick County contends that neither an order appointing a Commissioner to lease the land was entered into the Commissioners Court's minutes, nor was the proposed conveyance advertised. Maverick County thus concludes that such noncompliance with article 1577 renders void the 1972 lease. *See Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.) (holding that noncompliance with article 1577 voids conveyance and illegal conveyance cannot be ratified); *Wilson v. County of Calhoun*, 489 S.W.2d 393, 397 (Tex.Civ.App.— Corpus Christi 1972, writ ref'd n.r.e.) (stating that article 1577 is only method by which county can dispose of property and failure to comply with statute's requirements voids conveyance).

Article 1577b provides a procedure by which attempted sales and conveyances can be validated in the event of noncompliance with article 1577. Article 1577b states that all sales, attempted sales, and conveyances are validated if a written instrument exists

**2.** Act of June 17, 1961, 57th Leg., R.S., ch. 509, § 1, 1957 Tex.Gen. Laws 1121, *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex.Gen. Laws 1307.

and the purchaser has been in possession of such property for at least ten years. A copy of the lease, as well as affidavits which stated that Brownwood had been in possession of the land for over ten years, were introduced as summary judgment evidence. Maverick County did not address or attempt to establish as a matter of law that Brownwood could not prevail on article 1577b.

While citing no authority, Maverick County argues that article 1577b does not apply to leases. Maverick County argues that article 1577b speaks only to sales or attempted sales, and therefore the trial court properly concluded that the lease was void pursuant to article 1577. We disagree.

First, we note the irreconcilable inconsistency within Maverick County's argument regarding the applicability of article 1577 and the alleged inapplicability of article 1577b. On one hand, Maverick County argues that its noncompliance with article 1577 voids the 1972 lease. *See Jack,* 694 S.W.2d at 397. On the other hand, in response to Brownwood's reliance upon article 1577b's validation provision, Maverick County contends article 1577b does not apply to leases. We decline to adopt Maverick County's position which suggests that noncompliance with article 1577 would void a lease, but that article 1577b, which is an escape provision of article 1577, would not validate a lease under the appropriate circumstances. Article 1577b's stated purpose is to validate "certain sales and conveyances or attempted sales and conveyances" and accordingly, we believe that the circumstances of the instant case trigger article 1577b. We further note that our application of article 1577b is not in conflict with the cases relied upon by Maverick County. In both *Jack,* 694 S.W.2d at 391 and *Wilson,* 489 S.W.2d at 393, the tenant was not in possession of the property for ten years, thus the validation provisions of article 1577b never came into play.

To the extent that article 1577b excuses noncompliance with article 1577 and Maverick County's summary judgment evidence fails to establish as a matter of law that Brownwood could not prevail on the basis of article 1577b, the summary judgment cannot be sustained on the first ground Maverick County asserted in its summary judgment motion. Point of error number one is sustained.

### Termination of Lease

■ The alleged termination of the 1972 lease was the second ground Maverick County relied upon in its motion for summary judgment. Brownwood's fourth point of error contends the trial court erred in granting summary judgment on the basis of the alleged termination of the lease because the settlement agreement is not supported by consideration.

Brownwood argues that everything to which Maverick County committed itself in the settlement agreement was something to which Brownwood was already entitled. Specifically, Brownwood points out it always had the right to negotiate the lease terms with Maverick County and the 1972 lease stipulated Brownwood could remove its equipment without interference from Maverick County.

■ What constitutes consideration of a contract is a question of law. *Williams v. Hill,* 396 S.W.2d 911, 913 (Tex.Civ.App.— Dallas 1965, no writ). In the summary judgment evidence, the trial court had before it a copy of the 1972 lease as well as a copy of the settlement agreement. A comparison of the two documents reflects that no new benefit flowed to Brownwood and Maverick County did not assume new responsibilities. *See Roark v. Stallworth Oil and Gas Inc.,* 813 S.W.2d 492, 496 (Tex.1991).

Maverick County submits to this court that at the time of the settlement agreement, Brownwood was seeking a declaratory judgment, among other things, on the validity of the lease. Since either party to a declaratory judgment action may recover attorney's fees, *see Knighton v. International Bus. Machs. Corp.,* 856 S.W.2d 206, 210 (Tex. App.—Houston [1st Dist.] 1993, writ denied), Maverick County argues its willingness to enter into the settlement agreement and forego the potential receipt of those fees constitutes consideration of the settlement agreement.

The terms of the settlement agreement do not support Maverick County's argument. The agreement represents nothing more than the parties' intention to suspend court action for a ninety-day period. The parties did not relinquish their rights to pursue a declaratory judgment or the potential receipt of attorney's fees. Accordingly, we hold the summary judgment cannot be sustained on the ground that the settlement agreement terminated the 1972 lease since the agreement lacks consideration. Point of error number four is sustained.

### Conclusion

We find that Maverick County failed to establish as a matter of law that Brownwood could not prevail on the theories pleaded; therefore we hold the trial court erred in granting summary judgment. In light of our disposition of points of error number one and four, we need not address appellant's points of error number two and three. *See* TEX.R.APP.P. 90(a).

We reverse the judgment and remand this cause to the trial court for further proceedings.