TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00112-CV







Jeanne Calaway and Dorothy Hellums, Appellants



v.



Pennington Memorial Corp., a Texas Corporation,


d/b/a McCurdy Funeral Home, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY


NO. 3445, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING







 Appellants, Jeanne Calaway and Dorothy Hellums ("the daughters"), appeal from
an order of the county court at law in a breach-of-contract action granting appellee, McCurdy
Funeral Home ("McCurdy"), summary judgment and denying the daughters' request for summary
judgment. By three issues on appeal, the daughters contend the trial court erred in granting
McCurdy's summary judgment motion and in denying their own summary judgment motion
because: (1) the parol evidence rule or, alternatively, lack of consideration renders unenforceable
any promise they may have made to pay for their sister's funeral; (2) summary judgment was
improperly based on deemed admissions that were waived by McCurdy; and (3) the court abused
its discretion by failing to strike the daughters' deemed admissions. We will affirm the denial of
summary judgment to the daughters, but reverse the grant of summary judgment for McCurdy and
remand the cause to the trial court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND


 The subject of this suit is an alleged agreement surrounding a funeral service. 
Nancy Montero, the half-sister of the daughters, passed away in July 1987. At that time, Lucille
Hellums ("the mother"), Montero's and appellants' mother, made arrangements for McCurdy to
handle Montero's funeral service. The daughters were not parties to the contract for Montero's
funeral. In December of 1995, the mother passed away and the daughters made arrangements
with the same funeral home to perform their mother's funeral services. Gary Blume, a
representative of McCurdy, claims he approached the daughters and informed them that their
mother had never paid for Montero's funeral services and that the funeral home would not
perform their mother's services unless the daughters paid Montero's past-due funeral bill. Blume
testified by affidavit that the daughters agreed to pay for Montero's funeral as a condition of
McCurdy's performing services for their mother. In affidavits attached to their motion for
summary judgment, the daughters deny ever agreeing to pay for Montero's funeral bill. Jeanne
Calaway testified that Blume did not tell her or her sister that McCurdy would not perform the
funeral unless they agreed to pay for Montero's funeral. Dorothy Hellums testified that she never
promised to pay for Montero's funeral.

 In a signed, written Funeral Purchase Agreement, McCurdy agreed to perform the
mother's funeral services for $4,390.00, and Dorothy Hellums agreed to pay that amount. There
is no mention of the unpaid amount for Montero's funeral in the written agreement. In 1996,
McCurdy sent both the daughters a bill for the funeral services of their mother. On the bottom
of the bill was a charge for $4,035.00 for "Outstanding Account--Nancy Montero 1987." The bill
in the amount of $4,390.00 for the mother's funeral was paid; however, the daughters refused to
pay for Montero's funeral. McCurdy then sued the daughters for the amount of Montero's
funeral. The daughters initially represented themselves. While the daughters were proceeding
pro se, McCurdy's counsel served both of them with requests for admissions. For various
reasons, neither of the daughters properly responded to McCurdy's requests for admissions, and
counsel for McCurdy sought to have the admissions deemed. The trial court deemed the
requested admissions admitted, which contradicted the daughters' summary judgment proof. 
Based on those admissions, the trial court granted summary judgment for McCurdy. The
daughters appeal the grant of McCurdy's summary judgment motion and the denial of their own
motion.


DISCUSSION


 In three issues on appeal, the daughters contend the court erred in granting
McCurdy's summary judgment motion and denying their own summary judgment motion because: 
(1) the parol evidence rule or, alternatively, a lack of consideration rendered the promise
unenforceable; (2) the deemed admissions on which summary judgment was based were waived
by McCurdy; and (3) the court abused its discretion by failing to strike the daughters' deemed
admissions. Because the first point of error is dispositive, we will not address points two and
three. (1)


McCurdy's Motion for Summary Judgment

 McCurdy moved for summary judgment under Tex. R. Civ. P. 166a(c). The
standard for reviewing a traditional motion for summary judgment is well established:


(1) the movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law; (2)
in deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor.



Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The function of
summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently
unmeritorious claims and defenses. See Swilley v. Hughes, 488 S.W.2d 64, 68 (Tex. 1972).

 Taking the deemed admissions as true, it is unclear from the summary judgment
record whether the alleged oral agreement to pay for their sister's funeral took place before or
after the written agreement for the mother's funeral was signed. If the alleged oral agreement
between McCurdy and the daughters took place after the written agreement, there is no conclusive
evidence of what consideration was given for that agreement. (2) If, on the other hand, the alleged
oral agreement between McCurdy and the daughters took place before the written agreement, there
is no conclusive evidence that would establish whether the agreement is subject to the merger
doctrine of the parol evidence rule or whether it is a separate agreement altogether. (3)
 For this
reason, McCurdy has not shown that there are no genuine issues of material fact or that it is
entitled to judgment as a matter of law.


The Daughters' Motion for Summary Judgment

 The daughters filed their own motion for summary judgment pursuant to Rules
166a(c) and 166a(i). It is unclear under which standard the trial court denied summary judgment,
so we will review this appeal under both the traditional summary judgment standard of Rule
166a(c) and the no-evidence standard of Rule 166a(i).

 Under the traditional summary judgment standard of 166a(c), the daughters' motion
for summary judgment was properly denied because there are material facts at issue. The
daughters presented only affidavits from interested parties in support of their motion for summary
judgment. The daughters' supporting affidavits are from Jeanne Calaway (defendant in this suit),
John Calaway (relative of defendant), and Dorothy Hellums (defendant in this suit). To establish
facts conclusively through an interested witness, the testimony must be uncontroverted, clear,
positive, direct, credible, free from contradiction, and susceptible to being readily controverted. 
See Tex. R. Civ. P. 166a(c). Because the only evidence presented to support the daughters'
motion for summary judgment came from interested parties and is controverted by McCurdy's
version of the events, the daughters did not show themselves to be entitled to judgment as a matter
of law.

 Under the 166a(i) no-evidence standard, the daughters' motion for summary
judgment was also properly denied. This Court has recently addressed the standards for reviewing
a no-evidence summary judgment that is based on paragraph (i) of Rule 166a:


A no-evidence summary judgment is essentially a pretrial directed verdict, and we
apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. Like a directed verdict,
then, the task of the appellate court is to determine whether the plaintiff has
produced any evidence of probative force to raise fact issues on the material
questions presented. The appellate court must consider the evidence in the light
most favorable to the party against whom the no-evidence summary judgment was
rendered, and every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. A no-evidence summary
judgment is properly granted if the nonmovant fails to bring forth more than a
scintilla of probative evidence to raise a genuine issue of material fact as to an
essential element of the nonmovant's claim on which the nonmovant would have
the burden of proof at trial. If the evidence supporting a finding rises to a level
that would enable reasonable, fair-minded persons to differ in their conclusions,
then more than a scintilla of evidence exists. Less than a scintilla of evidence
exists when the evidence is so weak as to do no more than create a mere surmise
or suspicion of a fact, and the legal effect is that there is no evidence.


Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71 (Tex. App.--Austin 1998, no pet.) (citations
and internal quotation marks omitted); see also Hon. David Hittner & Lynne Liberato, Summary
Judgments in Texas, 34 Hous. L. Rev. 1303, 1356 (1998) (no-evidence summary judgment is
essentially pre-trial directed verdict). The no-evidence summary judgment motion was properly
denied because McCurdy, as the non-movant, brought forth more than a scintilla of probative
evidence raising a genuine issue of material fact as to whether the daughters agreed to pay for
Montero's funeral services.


CONCLUSION


 Because there are material facts at issue, we affirm the judgment with respect to
the denial of summary judgment for the daughters. For the same reason, we find that the trial
court erred in granting summary judgment for McCurdy. We therefore reverse the trial court's
grant of summary judgment in favor of McCurdy and remand the cause to the trial court for
further proceedings.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd, and Patterson

Reversed and Remanded in Part; Affirmed in Part

Filed: January 6, 2000

Do Not Publish

1. Even if we assume the trial court abused its discretion in failing to strike the daughters'
deemed admissions or, alternatively, that the deemed admissions were waived by McCurdy, there
still remains a material fact issue: whether the daughters ever agreed, orally or in writing, to pay
for Montero's funeral.
2. For an agreement to be legally enforceable, it must be supported by consideration. See
Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 408 (Tex. 1997). Whether a contract is
supported by valid consideration is a question of law. See Brownwood Ross Co. v. Maverick
County, 936 S.W.2d 42, 45 (Tex. App.--San Antonio 1996, writ denied). Requests for admissions
cannot compel a party to answer legal conclusions. See Esparaza v. Diaz, 802 S.W.2d 772, 775
(Tex. App.--Houston [14th Dist.] 1990, no writ). That the daughters admitted a legal issue (the
existence of consideration) in McCurdy's requests for admission does not establish that element
as a matter of law. See id.
3. "When a writing is intended as a completed legal transaction, the parol evidence rule
excludes other evidence of any prior or contemporaneous expressions of the parties relating to the
transaction." Pitman v. Lightfoot, 937 S.W.2d 496, 516 (Tex. App.--San Antonio 1996, writ
denied). "The parol evidence rule is a rule of substantive law which provides that in the absence
of fraud, accident, or mistake, extrinsic evidence is not admissible to vary, add to, or contradict
the terms of a written instrument that is facially complete and unambiguous." Id. at 515-16. 
"Absent pleading and proof of ambiguity, fraud, or accident, a written instrument presumes that
all the parties' earlier agreements relating to the transaction have merged into the written
instrument." Fish v. Tandy Corp., 948 S.W.2d 886, 898 (Tex. App.--Fort Worth 1997, writ
denied).



 issues on the material
questions presented. The appellate court must consider the evidence in the light
most favorable to the party against whom the no-evidence summary judgment was
rendered, and every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. A no-evidence summary
judgment is properly granted if the nonmovant fails to bring forth more than a
scintilla of probative evidence to raise a genuine issue of material fact as to an
essential element of the nonmovant's claim on which the nonmovant would have
the burden of proof at trial. If the evidence supporting a finding rises to a level
that would enable reasonable, fair-minded persons to differ in their conclusions,
then more than a scintilla of evidence exists. Less than a scintilla of evidence
exists when the evidence is so weak as to do no more than create a mere surmise
or suspicion of a fact, and the legal effect is that there is no evidence.


Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71 (Tex. App.--Austin 1998, no pet.) (citations
and internal quotation marks omitted); see also Hon. David Hittner & Lynne Liberato, Summary
Judgments in Texas, 34 Hous. L. Rev. 1303, 1356 (1998) (no-evidence summary judgment is
essentially pre-trial directed verdict). The no-evidence summary judgment motion was properly
denied because McCurdy, as the non-movant, brought forth more than a scintilla of probative
evidence raising a genuine issue of material fact as to whether the daughters agreed to pay for
Montero's funeral services.


CONCLUSION


 Because there are material facts at issue, we affirm the judgment with respect to
the denial of summary judgment for the daughters. For the same reason, we find that the trial
court erred in granting summary judgment for McCurdy. We therefore reverse the trial court's
grant of summary judgment in favor of McCurdy and remand the cause to the trial court for
further proceedings.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd, and Patterson

Reversed and Remanded in Part; Affirmed in Part

Filed: January 6, 2000

Do Not Publish

1. Even if we assume the trial court abused its discretion in failing to strike the daughters'
deemed admissions or, alternatively, that the deemed admissions were waived by McCurdy, there
still remains a material fact issue: whether the daughters ever agreed, orally or in writing, to pay
for Montero's funeral.
2. For an agreement to be legally enforceable, it must be supported by consideration. See
Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 408 (Tex. 1997). Whether a contract is
supported by valid consideration is a question of law. See Brownwood Ross Co. v. Maverick
County, 936 S.W.2d 42, 45 (Tex. App.--San Antonio 1996, writ denied). Requests for admissions
cannot compel a party to answer legal conclusions. See Esparaza v. Diaz, 802 S.W.2d 772, 775
(Tex. App.--Houston [14th Dist.] 1990, no writ). That the daughters admitted a legal issue (the
ex