

# Fourth Court of Appeals

## San Antonio, Texas

### DISSENTING OPINION

No. 04-12-00721-CV

**PHILADELPHIA INDEMNITY INSURANCE COMPANY** a/s/o Mirsan, L.P., d/b/a Sienna
Ridge Apartments,
Appellant

v.

Carmen A. **WHITE**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-16235
Honorable Peter Sakai, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice
Dissenting Opinion by:  Marialyn Barnard, Justice

Sitting:  Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  December 18, 2013

Because I believe the majority errs in holding the complained of portion of the lease violates public policy, I respectfully dissent. Having reviewed White's complaints about the lease, I would hold they are without merit and would reverse the trial court's judgment and remand the matter to the trial court for entry of judgment in favor of Philadelphia.

**ANALYSIS**

As noted by the majority, Philadelphia contends the trial court erred in granting White's

motion for JNOV and overturning the jury's finding that White breached her apartment lease.  In

particular, Philadelphia alleges White breached paragraph 12 of the TAA lease which states:

> DAMAGES AND REIMBURSEMENT.  You must promptly pay or reimburse us for loss, damage, consequential damages, government fines or charges, or cost of repairs or service in the apartment community due to: a violation of the Lease Contract or rules; improper use; negligence; other conduct by you or your invitees, guests or occupants; ***or any other cause not due to our negligence or fault***.  You will indemnify and hold us harmless from all liability arising from the conduct of you, your invitees, guests, or occupants, or our representatives who perform at your requested services not contemplated in this Lease Contract.  Unless the damage or wastewater stoppage is due to our negligence, we're not liable for—and you must pay for— repairs, replacements and damage to the following if occurring during the Lease Contract term or renewal period: (1) damage to doors, windows, or screens; (2) damage from windows or doors left open; and (3) damage from wastewater stoppages caused by improper objects in lines exclusively serving your apartment.  We may require payment at any time, including advance payment of repairs for which you're liable. Delay in demanding sums you owe is not a waiver.

(emphasis added).

Philadelphia argues the catch-all provision in the first part of paragraph 12—"or any other

cause not due to our negligence or fault"—rendered White liable for the damage caused by the

dryer fire.  Philadelphia argues that based on the evidence presented at trial, there were only two

possibilities for the fire: White's misuse of the dryer, or a defect in the dryer.  Even though the

jury found White was not negligent, Philadelphia argues that because White owned the brand new

dryer, and the dryer fire admittedly caused damages, she was required under paragraph 12 of the

TAA lease to pay Sienna Ridge for all damages.  Philadelphia contends her failure to pay Sienna

Ridge constituted a breach of contract, as found by the jury.

In her motion for JNOV and on appeal, White contends paragraph 12 of the TAA lease is

unenforceable as a matter of law because it: (1) is ambiguous; (2) lacks consideration; (3) violates

the Texas Property Code; (4) is void on public policy grounds; (5) is unconscionable; (6) fails to meet the fair notice requirements of risk-shifting contractual clauses; and (7) improperly creates a new theory of strict liability.[1]  I do not believe the lease is unenforceable on any of the grounds asserted by White.  Given that the majority bases its decision to affirm the trial court's judgment on White's public policy argument, I will address that issue first.[2]

### VIOLATION OF TEXAS PROPERTY CODE, PUBLIC POLICY, AND FAIR NOTICE

White argues paragraph 12 of the TAA lease violates public policy, the fair notice doctrine, and the Texas Property Code.  The majority agrees with White and holds the complained of portion of paragraph 12 violates public policy.

The majority contends the Texas Legislature determined public policy regarding limitations on the freedom of landlords and tenants to contract when it enacted section 92.006.  *See* Majority Op. at ___.  According to the majority, the policy expressed is that landlords and tenants may contract to hold tenants responsible for damages if the tenant, the tenant's occupant, or the tenant's guest causes the damage, *see Churchill Forge, Inc. v. Brown*, 61 S.W.3d 368 (Tex. 2001), and landlords and tenants can contractually agree a tenant will pay for the specific repairs as stated in section 92.006(f).  *Id.* at ___.  Thus, according to the majority, there exist only two areas in which landlords and tenants are at liberty to contractually shift responsibility for damages without violating public policy.  I strongly disagree.

In my opinion there is nothing in section 92.006 to suggest the Legislature intended to limit the ability to contractually shift responsibility to the two situations described by the majority.  Moreover, this is not what the supreme court held in *Churchill Forge*.  In that case, the supreme

---

[1] White made the same arguments in her supplemental motion for summary judgment and in her motion for directed verdict.  Both motions were denied.

[2] I will not address White's claim that the lease is unenforceable because it is ambiguous.  The majority addresses the issue and, in my opinion, correctly holds the lease is not ambiguous.

court simply recognized that it was permissible under section 92.006(e) for landlords and tenants to shift responsibility when the tenant or his occupant causes the damage or for those specific damages set forth in section 92.006(f). However, the supreme court in no way held these were the only situations in which such parties could contractually agree to shift responsibility for damages. In fact, the supreme court specifically stated in *Churchill Forge*:

> Legislative permission to contract under certain circumstances does not necessarily imply that contracting under other circumstances is prohibited. Certainly, given this State's strong commitment to the principle of contractual freedom, we should hesitate to infer a general prohibition from a statutory clause granting specific permission to contract.

61 S.W.3d at 371.

This is exactly what the majority has done – inferred a blanket prohibition on other landlord-tenant responsibility shifting contracts from a statute that permits certain types of such contracts. The majority contends that because the Legislature has statutorily determined public policy permits landlords and tenants to contractually shift responsibility for damages in two specific instances, these are the *only* two instances for which such parties may contractually shift responsibility. The supreme court specifically prohibited this very inference in *Churchill Forge* based on this State's strong commitment to, and public policy in favor of, contractual liberty. *Id.*

Moreover, I would point out, as I do with regard to White's unconscionability argument below, White had the right to review the lease and consult with an attorney before she signed it. White admitted she read the entire lease, which would include paragraph 12, before she signed it. There is nothing in the record to show White took issue with the responsibility shifting portion of the lease or asked for an alteration based on a concern that she might be held liable simply because something happened that was not the fault of the apartment complex.

Absent strong public policy reasons for holding otherwise, I believe the public policy of preserving contractual freedom trumps White's claim in this case. Accordingly, I disagree with the majority and would hold paragraph 12 of the TAA lease in this case does not violate public policy or the Texas Property Code.

White also contends the lease provision in question is void based on the fair notice doctrine. This very argument was rejected by the court in *Churchill Forge*. The court noted the fair notice doctrine covers "contractual provisions relieving a party in advance of its own negligence." *Id.* at 373. That is, the court explained, the doctrine applies only when parties seek release or indemnity from the consequences of their own negligence. *Id.* at 373–74. In this case, Philadelphia did not sue White for indemnity and is not asserting any rights against White under a release. Therefore, White's fair notice argument is inapplicable. *See id.* at 374.

Accordingly, I do not believe White's arguments regarding violation of public policy, the Texas Property Code, or the fair notice doctrine support the trial court's granting of the motion for JNOV. I believe the majority has misconstrued section 92.006 and the supreme court's statements in *Churchill Forge*, resulting in a decision contrary to that court's holdings.

### LACK OF CONSIDERATION

White next contends she did not receive any "consideration" for agreeing to paragraph 12 of the TAA lease. Philadelphia argues that although White pled "lack of consideration," she waived the issue by failing to request the trial court submit the issue to the jury. Moreover, Philadelphia argues that when consideration is lacking, the entire contract is void, not just a portion of it, and White cannot prove the TAA lease lacked consideration.

I first address Philadelphia's waiver argument. Philadelphia argues lack of consideration is an affirmative defense that goes to the question of contract formation, and is a question of fact

that must be submitted to the jury. *See Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex. App.—Tyler 2010, no pet.). By failing to submit the issue to the jury, Philadelphia argues White waived the issue and therefore it cannot serve as a basis to uphold the trial court's grant of her motion for JNOV.

Although "failure of consideration is an affirmative defense," *see* TEX. R. CIV. P. 94, lack of consideration, as alleged here, is not. *See Construction Fin. Servs., Inc. v. Chicago Title Ins. Co.*, No. 04-12-00375-CV, 2013 WL 1846613 at *18, n.8 (Tex. App.—San Antonio May 1, 2013, pet. filed) (mem. op.). Lack of consideration is not an affirmative defense because it does not provide an independent reason to file against the plaintiff; rather, it goes directly to the plaintiff's cause of action. *Id.* Furthermore, this court has held that what constitutes consideration is a question of law. *Brownwood Ross Co. v. Maverick Cnty.*, 936 S.W.2d 42, 45 (Tex. App.—San Antonio 1996, writ denied). Therefore, I would hold the failure to submit the issue to the jury did not constitute waiver.

White asserts there was a lack of consideration with regard to the TAA lease. Consideration is a fundamental element of every valid contract. *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 659 (Tex. 2006); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997), *superseded by statute on other grounds as stated in Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 593 (Tex. 2001). Consideration is a bargained-for exchange of promises or return performance and consists of benefits and detriments to the contracting parties. *McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 335 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Johnson*, 209 S.W.3d at 659). Lack of consideration refers to a contract that lacks mutuality of obligation. *Fed. Sign.*, 951 S.W.2d at 409. However, the existence of a written

contract presumes consideration for its execution. *Frequent Flyer Depot, Inc. v. American Airlines, Inc.*, 281 S.W.3d 215, 224 (Tex. App.—Fort Worth 2009, pet. denied).

The supreme court has held that by signing a contract, a party is presumed to have read and understood its contents. *See In re Prudential Co. of Am.*, 148 S.W.3d 124, 134 (Tex. 2004); *see also Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (holding Texas law presumes party who signs contract has read it and knows of its contents). Our review of the TAA lease signed by White shows it contains mutuality of obligations between Sienna Ridge and White. For example, the TAA lease required White to pay Sienna Ridge $845.00 per month in return for Sienna Ridge permitting her to live in an apartment on its premises. The lease also includes a list of responsibilities for the owner of the property and the resident, including Sienna Ridge's responsibility to "keep common areas reasonably clean," "maintain fixtures, hot water, heating, and A/C equipment," in return for White's responsibility to pay rent and a deposit, among others. Therefore, I would hold there was no lack of consideration related to White's signing of the TAA lease. *See American Airlines, Inc.*, 281 S.W.3d at 224. Accordingly, I do not believe the trial court could have granted White's JNOV based on lack of consideration.

UNCONSCIONABILITY

White also argues paragraph 12 of the TAA lease is unconscionable because it is a contract of adhesion, and she had no choice but to sign the lease. I disagree.

A contract is unenforceable if it is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract. *In re Poly-America, L.P.*, 262 S.W.3d 337, 348 (Tex. 2008). Whether unconscionability exists in a contract is a question of law for the court. *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 562 (Tex. 2006). Unconscionability is determined in light of a variety of factors aimed to prevent oppression and unfair surprise; "in

general, a contract will be found unconscionable if it is grossly one-sided." *In re Poly-America, L.P.*, 262 S.W.3d at 348.

In this case, the evidence shows White had the right to review the lease contract before she signed it. In fact, there was a statement in White's rental application, stating she could consult an attorney in reviewing her lease. White testified she read the entire rental application before signing it. White testified she did not feel the need to consult with an attorney prior to submitting the rental application and did not have any questions about the application. White does not claim she is illiterate or failed to read the lease. Therefore, I would hold White has failed to show the TAA lease was "grossly one-sided". *See In re Poly-America, L.P.*, 262 S.W.3d at 348. Accordingly, the unconscionability argument could not provide the trial court with a basis to grant White's motion for JNOV.

### STRICT LIABILITY

Finally, White argues paragraph 12 of the TAA lease creates a "new theory of strict liability" in tort because a tenant would always be strictly liable for damages regardless of cause and origin. Philadelphia contends paragraph 12 has nothing to do with tort liability. Rather, Philadelphia argues it is an example of a landlord's rightful ability to shift cost, risks, and damages to a tenant in a lease.

As stated by the court in *Churchill Forge*, "competent parties in Texas shall have the utmost liberty of contracting." 61 S.W.3d at 370. I would hold paragraph 12 of the TAA exemplifies a parties' ability to shift responsibility from landlord to tenant regarding damages. *See id.* at 372–73. If White disagreed with the provision at the time she signed the lease, she had the opportunity to ask questions and propose changes to the lease contract, as noted in her rental application. White did not use this opportunity, but decided to contract with Sienna Ridge under the terms of the TAA

lease. *See id.* at 360. I would hold paragraph 12 of the TAA lease did not create a new theory of strict liability in tort. Accordingly, I do not believe the trial court could have granted White's motion for JNOV on this basis.

CONCLUSION

As noted above, I disagree with the majority's interpretation of *Churchill Forge*, and I do not believe the complained of portion of paragraph 12 of the lease violates public policy. Based on my review of White's claims with regard to the validity of the lease, I find them without merit and I would therefore reverse the trial court's judgment and remand to the trial court for entry of judgment in favor of Philadelphia.

Marialyn Barnard, Justice